RHONDA SAVAGE
MADISON COUNTY, District Clerk
101 W. MAIN, SUITE 226
MADISONVILLE, TEXAS 77864-1909



ATTORNEY FOR PLAINTIFF(s)

## REGULAR CITATION

GREETINGS,

TO:   DEFENDANT TEXAS PRIDE TRIALER, LLC **REGISTERED AGENT JAMES A. BRAY AT 1241 INTERSTATE 45 N., MADISONVILLE, TEXAS 77864 OR WHEREVER HE MAY BE FOUND,**

**NOTICE TO DEFENDANT:** "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation **by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served** this citation and petition, a default judgment may be taken against you." In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

You are hereby commanded to appear by filing a written answer to PLAINTIFF'S ORIGINAL PETITION, at or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service thereof before the Honorable 12th Judicial District Court of Madison County, Texas. Said petition was filed 11/23/2021 in the above-entitled cause No 21-17154.

JT BROTHER CONSTRUCTION, LLC, Plaintiff(s)
VS
TEXAS PRIDE TRAILERS, LLC, Defendant(s)

The nature of Petitioner(s) demand is fully shown by a true and correct copy of PLAINTIFF'S ORIGINAL PETITION accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve according to requirements of law, and the mandates thereof, and make do return as the law directs.

Issued and given under my hand and seal of said Court at Madisonville, Texas this the 1st day of December, 2021.

*Rhonda Savage*

RHONDA SAVAGE, District Clerk
12TH JUDICIAL DISTRICT COURT
MADISON COUNTY, TEXAS

By *Racquel Vera* Deputy

DO NOT COPY OR ALTER • This document contains security features.

OFFICER'S RETURN

21-17154
12TH JUDICIAL DISTRICT COURT
PLAINTIFF'S ORIGINAL PETITION

Came to hand on the _____ day of _____, 20____, at _____ o'clock ___.m., and executed on the __10__ day of __December__, 20_21_, at _____ o'clock ___.m., at _____, in _____ County, _____ by delivering to each of the within-named defendant(s), in person, a true copy of this Citation, having first endorsed thereon the date of delivery, together with the accompanying times and places to-wit:

Name         Day/Month/Year    Hour/Minute    To Address served
             10 December 2021

Not executed for the following reasons: _____

Information received as to the whereabouts of the said defendant TEXAS PRIDE TRAILERS, LLC being

I am a disinterested person competent to make oath of the fact.

I actually and necessarily traveled _____ miles in the service of this Writ in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

FEES: Serving --- cop----- $_____
      Mileage ___ miles-- $_____
             Total----- $_____

Subscribed and sworn to _____ before me, the undersigned authority, this the _____ day of _____, 20____, at _____ o'clock ___.m.

_____ PSZ10861, Sheriff
State of TX       Brazos        County,
By _____, Deputy

**COMPLETE IF YOU ARE A PERSON OTHER THAT A SHERIFF, CONSTABLE, OR CLERK OF THE COURT,**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The return must either be verified or be signed under penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:
"My name is _____, my date of birth is _____, and my address is
         (First, Middle, Last)
_____
(Street, City, State, Zip)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
Executed in _____ County, State of _____, on the ____ day of _____.

_____
Declarant/Authorized Process Server

_____
(Id# & expiration of certification)

Filed 11/23/2021 2:21 PM
Rhonda Savage
District Clerk
Madison County, Texas

Tiffany McClure

CAUSE NO. 21-17154

| | | |
|---|---|---|
| JT BROTHER CONSTRUCTION, LLC | § § | IN THE DISTRICT COURT OF |
| VS. | § § | MADISON COUNTY, TEXAS |
| | § | 12th Judicial District Court |
| TEXAS PRIDE TRAILERS, LLC | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff JT Brother Construction, LLC files this Original Petition complaining of Defendant Texas Pride Trailers, LLC.

### I.
### DISCOVERY CONTROL PLAN

Discovery in this matter is intended to be conducted under Level III, Texas Rule of Civil Procedure 190.4.

### II.
### PARTIES

Plaintiff is a foreign limited liability company.

Defendant Texas Pride Trailers, LLC is a domestic limited liability company doing business in Madisonville, Texas. Defendant may be served through its registered agent, James A. Bray at 1241 Interstate 45 N., Madisonville, Texas 77864. **CITATION AND SERVICE ARE REQUESTED AT THIS TIME.**

### III.
### JURISDICTION AND VENUE

The court has jurisdiction over Defendant because it is a Texas resident and is licensed to do business in Texas, and maintains a registered agent in Texas. The court has jurisdiction over the controversy because the damages are within the jurisdictional limits of the court.

In compliance with Texas Rule of Civil Procedure 47, Plaintiff states that it seeks monetary relief of less than $100,000, including damages of any kind, penalties, costs, expenses, prejudgment interest and attorney fees. In the alternative, Plaintiff states that it is seeking damages over $100,000 but not more than $200,000.00.

Venue is proper in Madison County, Texas, pursuant to Section 15.002, *et. seq.*, of the Texas Civil Practice and Remedies Code as Madison County, Texas is the county in which all or a substantial part of the events or omissions giving rise to the present lawsuit occurred.

## IV.
## BACKGROUND FACTS

Plaintiff JT Brother purchased a trailer from Texas Pride on or around February 26, 2021. Prior to purchase, Defendant and its agents/representatives made material representations to JT Brother regarding the quality of construction, materials and workmanship of the trailer, the "after-the-sale" service and warranty, and the durability and toughness of the trailer. Based on such representations and promises, JT Brother bought the trailer at issue. However, not less than a month after the purchase, the trailer broke down on March 10, 2021. Plaintiff had the trailer inspected and learned it had a bad pressure hose. Soon thereafter, the trailer required more repairs due to a broken tarp, loose motor wires, loose trap box wires and a burnt-out relay that caused the switch to burn out.

Texas Pride was notified of the defects and then less than a month later the pressure hose came loose again. The trailer continued to suffer defects and problems. Only about 6 weeks after the purchase, JT Brothers once again had to notify Defendant of yet another hydraulic leak, broken tarp, and cylinder leak.

Despite JT Borther's multiple notices to Defendant, the Defendant never even bothered to return the calls or take appropriate action concerning the defects in the trailer. Even to this day, JT Brothers is still having numerous issues with the trailer.

## V.
## BREACH OF CONTRACT

Defendant promised to provide a quality trailer in accordance with the representations and agreed upon terms. Plaintiff purchased the trailer from Defendant in Madison County, Texas. Plaintiff complied with its obligations and agreement. However, Defendant Texas Pride failed and/or refused to comply with the terms of the agreement.

Defendant's actions constitute a breach of contract and Plaintiff suffered injuries and damages as a result of Defendant's breaches. Such damages are in excess of the minimal jurisdictional requirements of this Court.

## VI.
## FRAUD/ FRAUDULENT INDUCEMENT

Defendant made material representations concerning the trailer, its construction, materials and workmanship, the "after-the-sale" service and warranty work that would be provided, and the durability and toughness of the trailer. Such representations were material, and were false. Defendant intended for Plaintiff to rely upon such false representations, and Plaintiff did in fact rely upon the fraud, misrepresentations and nondisclosure as Defendant had intended. As a result of such reliance, Plaintiff was made a party to a transaction that it otherwise would not have entered.

Defendant knowingly, or with heedless and reckless disregard for the consequences of the truth, made false representations as to material facts and/or knowingly concealed material information from Plaintiff with the intent of inducing Plaintiff into doing business with Defendant

and inducing Plaintiff into entering into a contractual agreement and performing under such agreement. Such false representations were made to Plaintiff and were the proximate cause of Plaintiff's damages.

But for the concealment and misrepresentation of material information, Plaintiff would not have entered into the agreement with Defendant and would not have agreed to purchase anything from Defendant or pay Defendant for the misrepresented goods and/or services. Defendant made such representations with knowledge that they were false and with no intention of fulfilling the representations at the time they were made. Each of the Defendant's false representations and omissions were relied upon by Plaintiff resulting in Plaintiff's damages.

Defendant's actions were made with heedless and reckless disregard for the consequences and constitute conduct for which the law allows the imposition of exemplary damages. In this connection, Plaintiff requests that exemplary damages in an amount to be determined by the jury be awarded against the Defendants.

## VII.
## NEGLIGENT MISREPRESENTATION

Defendant owed Plaintiff a duty of care regarding the material representations made to Plaintiff. Prior to, and during the course of the transaction between Plaintiff and Defendant, the Defendant made material misrepresentations to Plaintiff as set forth herein and failed to disclose material facts. Defendant's misrepresentations and material omissions were intended to guide Plaintiff in its decisions, and were made with the intent that Plaintiff rely on such representations and/or omissions. Plaintiff did, in fact, reasonably rely upon Defendant's material misrepresentations and omissions to its detriment. Defendant was negligent in failing to exercise reasonable care and competence in obtaining and communicating information to Plaintiff. Such

misrepresentations were made to Plaintiff and were the proximate cause of Plaintiff's damages as set forth herein.

## VIII.
## DECEPTIVE TRADE PRACTICES ACT

Plaintiff is a consumer, as that term is defined in the Texas Deceptive Trade Practices Act ("DTPA"), Tex. Bus. & Com. Code § 17.45. Plaintiff sought and acquired by purchase, a dump trailer from Defendants. Plaintiff was specifically seeking to purchase a quality trailer that it could rely on for use during the normal course of business. Prior to purchasing the trailer, Plaintiff reviewed Defendant Texas Pride's website and marketing materials, and spoke to Defendant's representatives.

The representations by the Defendants were false, misleading, and deceptive because the trailer manufactured and sold by Defendant did not comply with such false representations concerning the trailer, its construction, materials and workmanship, the "after-the-sale" service and warranty work that would be provided, or the durability and toughness of the trailer.

The trailer actually built and delivered to Plaintiff do not conform to Defendant's representations and promises.

Defendant violated §§ 17.46(b) and 17.50(a) of the DTPA in one or more of the following manners and each was and is a producing cause of damages to Plaintiff JT Brother. The violations include:

1. The use of false, misleading and deceptive acts which were relied upon by JT Brother Construction to its detriment in violation of § 17.50(a)(1);

2. Representing that the goods or services have characteristics, uses, benefits, or qualities which they did not have in § 17.6(b)(5);

3. Representing that goods or services were of a particular standard, quality, or grade, or that good were of a particular style or model, if they were of another in violation of & 17.46(b)(7);

4. Advertising goods or services with intent not to sell them as advertised in violation of § 17.46(b)(9);

5. Representing that applicable agreements and warranties confer or involve rights, remedies or obligations which they do not have or involve in violation of §§ 17.46(b)(12) and 17.46(b)(19); and

6. Failing to disclose information concerning goods or services which were known at the time of the transaction and such failure to disclose such information was intended to induce the consumer into a transaction which the consumer would not have entered had the information been disclosed in violation of § 17.46(b)(23).

Further, Defendant violated the DTPA by breaching both express and implied warranties in violation of § 17.50(a)(2) and by employing unconscionable actions or courses of action in violation of § 17.50(a)(3).

Defendant's conduct as described in this petition was committed knowingly. Defendant was actually aware, at the time of the conduct, of the falsity, deception, and unfairness of its conduct. Accordingly, Defendant is liable to Plaintiff for additional damages of up to three times the amount of economic damages as permitted by the Deceptive Trade Practices--Consumer Protection Act.

Plaintiff detrimentally relied on Defendant's wrongful acts and practices, and Defendant's conduct as described above was a producing cause of Plaintiff's economic damages. As a result, plaintiff sustained damages.

## IX.
## ATTORNEY'S FEES

As a result of Defendant's actions set forth above, Plaintiff found it necessary to employ the attorneys whose names are subscribed to this Petition to pursue this action. Pursuant to the breach of contract and DTPA claims, and pursuant to the Texas Civil Practice and Remedies Code, Texas statutes and common law, Plaintiff is entitled to recover reasonable attorney's fees.

## X.
## CONDITIONS PRECEDENT

All conditions precedent have been performed or have occurred as required by Rule 54 of the Texas Rules of Civil Procedure.

## XI.
## JURY DEMAND

Plaintiff JT Brother Construction hereby requests a trial by jury.

## XII
## RULE 193.7 NOTICE

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff serves notice that at any pretrial hearings or at the trial of this lawsuit, Plaintiff intends to use and rely upon each document produced by any party in written discovery, pretrial hearings, and depositions or in conjunction with the filing of any motions or pleadings in this lawsuit.

## XIII.
## RULE 194 NOTICE -- REQUEST FOR DISCLOSURE

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant must provide the information and material described in Rule 194.2, 194.3 and 194.4 of the Texas Rules of Civil Procedure.

## XIV.
## PRAYER

For these reasons, Plaintiff seeks judgment against Defendant for:

a. Actual and consequential/special damages;
b. Treble, exemplary or punitive damages as permitted by law;
b. Reasonable and necessary attorney's fees;
c. Pre-judgment and post-judgment interest at the highest rate allowed by law;
d. Costs of suit; and

e. For such other and further relief, both at law and in equity, special or general, to which Plaintiff may be justly entitled.

>Respectfully submitted,
>
>PAYNE, MALECHEK, SCHERR, CAMPBELL & MOORE, P.C.
>
>By: /s/Scott J. Scherr
>   Scott J. Scherr
>   State Bar No. 17745412
>   3850 Corporate Center Dr.
>   Bryan, Texas 77802
>   979.776.9800
>   979.731.8333 (Fax)
>   ATTORNEYS FOR PLAINTIFF