IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JT BROTHER CONSTRUCTION, LLC, | § § § | |
| Plaintiff, | § § | |
| VS. | § | CIVIL ACTION NO. H-21-4205 |
| TEXAS PRIDE TRAILERS, LLC, | § § § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

JT Brother Construction, LLC, bought a trailer from Texas Pride Trailers, LLC. JT Brother alleges that Texas Pride represented that the trailer was equipped for colder-weather climates, was similar to more expensive trailers, and was the most reliable trailer on the market. Based on these representations, James Thomas, a JT Brother employee, expected the trailer to be more reliable and have less maintenance than comparable trailers, and to be covered by a three-year warranty against defects in materials and workmanship. Within one month of purchase, the trailer broke down and had to be repaired. The trailer required numerous repairs after that. JT Brother sued Texas Pride for breach of contract, breach of warranty, fraud, fraudulent inducement, negligent misrepresentation, and violations of the Texas Deceptive Trade Practices Act. Texas Pride has moved to dismiss.

Based on the pleadings; the motion, response, and reply; and the applicable law, the court finds that the complaint allegations are inadequate and grants the motion to dismiss, without prejudice and with leave to amend. The amended complaint must be filed no later than April 15, 2022. Failure to do so may result in dismissal with prejudice. The reasons for these rulings are explained below.

I.     Background

JT Brother purchased an 8x20 Gooseneck Multi Use Roll-Off trailer with a 13 horsepower gas engine from Texas Pride. Chris Dominguez, a representative of Texas Pride, spoke to James Thomas, a representative of JT Brother, by phone, about the quality of construction, the materials and workmanship of the trailer, a three-year warranty, and the fitness of the trailer for use in cold-weather environments. Dominguez allegedly told Thomas to review YouTube videos that showed the quality of Texas Pride trailers. JT Brother alleges that Dominguez represented that the Texas Pride system was "easier to work on [than other trailer systems], and that no other trailer on the market was as reliable as the Texas Pride trailers." (Docket Entry No. 4 at 3). JT Brother also alleges that Dominguez said that the Texas Pride systems were "great for cold weather climates" and that JT Brother should purchase the trailer with the gas motor because it would work better in a cold climate. (Docket Entry No. 4 at 3). JT Brother also alleges that Dominguez told Thomas that the trailer was warranted from defects in materials and workmanship for three years from the purchase date.

Within one month after the purchase, the Texas Pride trailer broke down. (Docket Entry No. 4 at 3). An inspection showed that the trailer had a faulty base pressure hose and faulty hydraulic fittings. (Docket Entry No. 4 at 3). The trailer soon required additional repairs for a broken tarp, loose motor wires, loose trap box wires, a burnt-out relay, a cylinder leak, and a hydraulic leak. (Docket Entry No. 4 at 3). JT Brother notified Texas Pride and requested repairs, but Texas Pride never responded. JT Brother sued, and this motion to dismiss followed.

II.    The Legal Standard

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a),

which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

To withstand a Rule 12(b)(6) motion, a complaint must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Lincoln v. Turner*, 874 F.3d 833, 839 (5th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557).  "A complaint 'does not need detailed factual allegations,' but the facts alleged 'must be enough to raise a right to relief above the speculative level.'" *Cicalese v. Univ. Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019) (quoting *Twombly*, 550 U.S. at 555).  "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (alterations omitted) (quoting *Twombly*, 550 U.S. at 558).

A court reviewing a motion to dismiss under Rule 12(b)(6) may consider "(1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019).

**III.   Analysis**

   **A.   The Breach of Contract and Breach of Warranty Claims**

Texas Pride argues that the breach of contract claim is duplicative of the breach of warranty claim, and that JT Brother cannot state a claim for breach of a contract to purchase a truck because the truck was delivered. Although "the case law makes relatively clear that when a seller wholly fails to deliver the goods promised, the buyer's remedy is found under a theory of breach of contract, not breach of warranty," "the case law is murkier, and somewhat contradictory, as to how the two remedies divide in cases of non-conformity." *Contractor's Source Inc. v. Hanes Companies, Inc.*, No. CIV.A.09-CV-0069, 2009 WL 6443116, at *6 (S.D. Tex. Dec. 29, 2009). This case does not require resolving this inconsistency in the case law because JT Brother has failed to state a claim for either breach of contract or breach of warranty.

For an express warranty claim, a plaintiff must allege facts showing that:

(1) the defendant-seller made an express affirmation of fact or promise relating to the goods; (2) that affirmation or promise became part of the bargain; (3) the plaintiff relied upon that affirmation or promise; (4) the goods did not comply with the affirmation or promise; (5) the plaintiff was damaged by the noncompliance; and (6) the failure of the product to comply was the proximate cause of the plaintiff's injury.

*Bedgood v. Nissan N. Am., Inc.*, No. A-16-CA-00281-SS, 2016 WL 3566689 at *2 (W.D. Tex. June 24, 2016) (citing *Omni USA, Inc. v. Parker-Hannifin Corp.*, 964 F. Supp. 2d 805, 814–15 (S.D. Tex. 2013)). JT Brother alleges that Dominguez at Texas Pride represented that the Texas Pride trailer was "warranted against defects in materials and workmanship for three years from the

4

date of purchase, and that any warranty issues would be handled promptly so that JT Brother would have as little downtime as possible." (Docket Entry No. 4 at 3). JT Brother alleges that Texas Pride "failed to provide the agreed upon trailer in the condition required by the parties' agreement and failed to comply with the applicable warranty." (Docket Entry No. 4 at 4). JT Brother argues that it is owed damages for the costs of repairing the trailer and for the loss of use of the trailer, although JT Brother did not specify these damages in the complaint. But it is not clear what parts were allegedly defective when JT Brother purchased the trailer, what the warranty applied to, and whether the alleged defects were covered by the warranty. JT Brother has failed to allege "a cohesive description of the content, terms, and nature of" the warranty, or sufficient facts to show that the alleged warranty formed "part of the basis of the bargain." *Bedgood*, 2016 WL 3566689 at *2.

JT Brother alleges that Dominguez, a Texas Pride salesperson, "compared the system used by Texas Pride to similar trailers costing $300,000, said the Texas Pride system was more reliable, easier to work on, and that no other trailer on the market was as reliable as the Texas Pride trailers." (Docket Entry No. 4 at 3). Dominguez allegedly "represented that the Texas Pride systems and components were great for cold weather climates, and based on the intended use, told James Thomas at JT Brother that he should purchase the trailer with the gas motor because it would work much better and was more reliable in a cold climate." (Docket Entry No. 4 at 3). These statements "equate to puffery, general praise, or opinion," and are not an express warranty. *See Johnson v. L'Oreal USA S/D, Inc.*, No. MO:19-CV-00155-DC, 2021 WL 2419455, at *3 (W.D. Tex. Mar. 16, 2021) (citing *Valley Datsun v. Martinez*, 578 S.W.2d 485, 490 (Tex. Civ. App.—Corpus Christi 1979, no writ)). Statements describing a product as "superb," "super fine," and "one of the finest little [products] in the [city]" are puffery or statements of opinion under Texas law. *See Prudential*

5

*Ins. Co. of Am. v. Jefferson Assocs., Ltd.*, 896 S.W.2d 156, 163 (Tex. 1995). *See also Autohaus, Inc. v. Aguilar*, 794 S.W.2d 459, 464 (Tex. App.—Dallas 1990, writ denied) ("Generally, statements that compare one product to another and claim superiority are not actionable."). JT Brother has not alleged sufficient facts to state a claim for breach of warranty.

To state a claim for breach of contract, a plaintiff must allege facts showing: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of contract by the defendant; and (4) damages suffered by the plaintiff as a result of the breach." *Beauty Mfg. Solutions Corp. v. Ashland, Inc.*, 848 F. Supp. 2d 663, 667 (N.D. Tex. 2012) (quoting *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009)). "A petition in an action based on a contract must contain a short statement of the cause of action sufficient to give fair notice of the claim involved, including . . . the substance of the contract which supports the pleader's right to recover." *Bayway Servs., Inc. v. Ameri-Build Constr., L.C.*, 106 S.W.3d 156, 160 (Tex. App.—Houston [1st Dist.] 2003, no pet.)) (internal citation omitted).

JT Brother argues that the complaint sufficiently alleges breach of contract because the trailer was not the trailer described by Texas Pride. The trailer "was not more reliable than other trailers as Defendant had represented, but was one of the 'most unreliable, poorest quality' trailers ever used by Plaintiff." (Docket Entry No. 12 at 5). JT Brother argues that Texas Pride breached by failing to respond to requests for repairs under the warranty. (Docket Entry No. 12 at 6). But JT Brother has failed to allege facts showing that a contract existed, what its key terms were, and when and how they were breached. *See Motten v. Chase Home Fin.*, 831 F. Supp. 2d 988, 1003 (S.D. Tex. 2011). A difference in opinion about the quality of the trailer is insufficient to state a claim for breach of contact.

6

B.     **Fraud, Fraudulent Inducement, and Negligent Misrepresentation Claims**

"Fraud claims that depend on the existence of an enforceable contract are properly styled as fraudulent inducement claims, not common law fraud claims." *Bohnsack v. Varco, L.P.*, 668 F.3d 262, 277 (5th Cir. 2012) (applying Texas law). "[W]ith a fraudulent inducement claim, the elements of fraud must be established as they relate to an agreement between the parties." *Id.* (quoting *Haase v. Glazner*, 62 S.W.3d 795, 798 (Tex. 2001)). This requires factual allegations showing that Texas Pride knowingly made a false representation, with the intent to induce JT Brother into buying the trailer, and that JT Brother suffered an injury as a result. *See Proske v. Barrett Daffin Frappier Truner &, Engel, LLP*, No. CV H-19-831, 2019 WL 5787739, at *4 (S.D. Tex. Nov. 6, 2019).

> The elements of a negligent misrepresentation claim are:
>
> (1) defendant's representation to a plaintiff in the course of defendant's business or in a transaction in which the defendant had an interest; (2) defendant's providing false information for the guidance of others; (3) defendant's failure to exercise reasonable care or competence in obtaining or communicating information; (4) plaintiff's justifiable reliance on defendant's representation; and (5) defendant's negligent misrepresentation proximately causing the plaintiff's injury.

*Willis v. Marshall*, 401 S.W.3d 689, 698 (Tex. App.—El Paso 2013, no pet.).

Rule 9(b) requires complaints asserting fraud, fraudulent inducement, and negligent misrepresentation to plead facts with sufficient particularity to "provide defendants adequate notice of the nature and grounds of the claim." *Floyd v. CIBC World Mkts., Inc.*, 426 B.R. 622, 652 (S.D. Tex. 2009) (citing *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000)); *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998). Pleadings must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Southland Securities Corp. v. INSpire Ins. Solutions, Inc.,* 365 F.3d 353, 362 (5th Cir.2004) (quoting *Williams v. WMX*

7

*Technologies, Inc.,* 112 F.3d 175, 177–78 (5th Cir.1997)). "Put simply, Rule 9(b) requires the 'who, what, when, where, and how' to be laid out." *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir.), *opinion modified on denial of reh'g*, 355 F.3d 356 (5th Cir. 2003) (quoting *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 179 (5th Cir.1997)).

JT Brother alleges that Texas Pride misrepresented the three-year warranty, the trailer's durability, and the trailer's suitability for cold-weather operation. JT Brother alleges that those representations were made in October 2020 by telephone and by directing Thomas to watch YouTube videos touting the quality of the Texas Pride trailers. JT Brother alleges that Texas Pride knew the representations were false when made because of "numerous prior claims, complaints and lawsuits about the reliability and workmanship of its products." (Docket Entry No. 4 at 5). JT Brother alleges that it relied on Texas Pride's advice to select a trailer with an onboard gas engine because "it would be more reliable in cold weather." (Docket Entry No. 12 at 9). JT Brother additionally alleges that Texas Pride represented that the "reeving system," which is used for moving heavy loads onto the trailer, was "superior to comparable trailers." (Docket Entry No. 12 at 9).

JT Brother alleges that the trailer needed repairs sooner and more often expected, and that Texas Pride should have "zero pride" in the quality of the trailer it provided to JT Brother. (Docket Entry No. 4 at 4). But JT Brother does not allege with particularity the material misrepresentations by Texas Pride made to JT Brother. "Cases in which a party was induced into signing a contract by a promise that the promisor had no intention of keeping at the time he made the promise are to be distinguished from situations in which a party has made a promise with an existent intent to fulfill its terms and who then changes his mind and refuses to perform; otherwise, every breach of contract would involve fraud." *Oliver v. Rogers*, 976 S.W.2d 792, 804 (Tex. App.—Houston[1st

Dist.] 1998, no pet.). The only statements that Texas Pride allegedly made to JT Brother about the trailer's performance and durability were general, not specific puffery. Even if these statements were actionable, JT Brother has not alleged facts showing that these statements were false, or Texas Pride knew these statements to be false when they were made. The fact that a trailer needed repairs does not show that the trailer was ill-equipped for cold climates or that it was less reliable than other trailers on the market. JT Brother failed to state a claim for fraud, fraudulent inducement, or negligent misrepresentation.

C. **The Texas Deceptive Trade Practices Act Claims**

JT Brother alleges that it reviewed Texas Pride's website and marketing materials, spoke with Texas Pride's representatives, and watched the recommended videos. JT Brother alleges that the materials were false, misleading and deceptive because the trailer did not comply with the representations about the trailer's "construction, materials and workmanship, the 'after-the-sale' service and warranty work that would be provided, or the durability and toughness of the trailer." (Docket Entry No. 4 at 7).

Under Texas law, "an allegation of a mere breach of contract, without more, does not constitute a false, misleading, or deceptive act in violation of the [Deceptive Trade Practices Act]." *Crawford v. Ace Sign, Inc.*, 917 S.W.2d 12, 14 (Tex. 1996) (internal quotation marks omitted) (quoting *Ashford Dev., Inc. v. USLife Real Estate Servs.*, 661 S.W.2d 933, 935 (Tex. 1983)). JT Brother's allegations that the trailer did not comply with his expectations is insufficient to allege false, misleading, or deceptive acts. And JT Brother has failed to allege specific representations about the trailer beyond the general positive descriptions that amount to puffery. *See Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 502–04 (Tex. 2001) (puffery is not actionable under the Deceptive Trade Practices Act).

9

## IV. Conclusion

Texas Pride Trailer, LLC's motion to dismiss, (Docket Entry No. 7), is granted without prejudice and with leave to amend, because Texas Pride has not shown that amendment would be futile. Failure to amend by April 15, 2022, may lead to dismissal, with prejudice.

SIGNED on March 16, 2022, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge